UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 00-114L |
| | : | |
| JAMES A. SAGAT | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on March 15, 2006, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violation. At the hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing before Senior District Judge Ronald R. Lagueux. Based upon the following analysis and the admission of Defendant, **I recommend that the Defendant be committed to the Bureau of Prisons for a term of fifteen (15) months of incarceration.**

**Background**

On December 15, 2005, the Probation Office petitioned the Court for the issuance of a summons for Defendant's appearance. On December 15, 2005, the District Court reviewed the request and ordered the issuance of a summons as requested in the petition. Defendant appeared in

Court on January 9, 2006 for a preliminary revocation hearing, and he was detained pending a final revocation hearing. A final revocation hearing was held on March 15, 2006 at which time Defendant knowingly and voluntarily admitted to the following charge and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **While on probation, the defendant shall not commit another federal, state, or local crime.**
>
> On December 6, 2005, James Sagat committed the offense of Breaking and Entering a Building at Night with Felonious Intent. He was arraigned in Sixth Division District Court on December 7, 2005, and placed on $10,000 bond with surety. The case remains pending.

As the Defendant has admitted this charge, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release was previously imposed, therefore, the term cannot be extended.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the

instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class C felony. Therefore, he may not be required to serve more than two years' imprisonment upon revocation.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is three years. There has not been any term of imprisonment previously imposed for violations of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled

substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed a Grade A violation. Therefore, the Court shall revoke supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. Neither of these provisions apply in this case.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there is no outstanding restitution, fine, community confinement, home detention or intermittent confinement.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant originally was sentenced. In this instance, Defendant had a criminal history category of II at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade A violation and has a Criminal History Category of II. Therefore, the applicable range of imprisonment for this violation is fifteen to twenty-one months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant plead guilty to two firearm offenses and was sentenced on April 12, 2001 to forty-one months' imprisonment (the guideline minimum) to be followed by three years' supervised release with special conditions. Defendant's supervision commenced on September 24, 2003 with

an expiration date of September 23, 2006. Although Probation reports that Defendant has been generally cooperative and technically compliant, Defendant exhibited increasingly poor judgment during his period of supervision. In 2004, Defendant plead nolo to the offense of serving alcohol to a minor and the offense of larceny under $500.00 (shoplifting a $10.00 bracelet). Defendant was given a "break" by Probation and was verbally reprimanded for these misdemeanor offenses. Later, in April 2005, Defendant was convicted of a DUI offense, and his conditions were modified to require six months of home confinement with electronic monitoring. Again, Probation gave Defendant a "break" by not initiating revocation proceedings and seeking imprisonment.

Defendant did not respond in a positive fashion to these "breaks." On December 6, 2005, Defendant was arrested by the Cranston Police and charged with breaking and entering a business at night. The incident involved an unsuccessful attempt to steal a motorcycle after breaking a shop window. According to the Cranston Police reports, Defendant was positively identified by the victim store owner as the perpetrator, and Defendant admitted his involvement after being advised of his Miranda rights by one of the arresting officers.

At the hearing, the Government argued for a mid-range sentence of eighteen months without any further supervised release. Defendant asked for a below-guideline sentence of one year and one day. Defendant represented that he has struggled with drug and alcohol problems and had recently suffered the loss of two loved ones that contributed to his poor judgment. Although Defendant had some drug and alcohol relapses during his period of supervision, Probation reported that Defendant had successfully completed an outpatient substance abuse treatment program. Thus, the Government disputed that Defendant's violation was the result of a substance abuse problem.

At the hearing, Defendant was remorseful and represented to the Court that his period of detention since early January has been beneficial to him. Defendant appeared more stable and healthier to the Court than he did when he first appeared in January. Defendant sent a two-page letter to his Probation Officer on February 26, 2006 expressing remorse for his actions and indicating that he had been suffering from depression over the last year. This Court believes that Defendant was sincere in his remorse and in his statements that he wants to take this opportunity to get control of his life, and the Court hopes he is successful. However, Defendant's admitted criminal behavior and poor judgment cannot be excused. Defendant should be given some credit for expressing remorse, and admitting and accepting responsibility for this violation. This Court believe that a low-end sentence of fifteen (15) months' imprisonment is sufficient punishment and will give Defendant time to address and resolve his personal problems, and it so recommends. This Court accepts Probation's request for no further term of supervision for this Defendant as he was nearing the expiration of his supervision in any event, and it so recommends.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that the Defendant be committed to the Bureau of Prisons for a term of fifteen (15) months of incarceration.** Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United

States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
March 15, 2006